**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| JERMAINE LATIMER MCKIVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CR71-1 |
| | ) | 1:13CV1091 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 24) (hereinafter "Section 2255 Motion") and his amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 27) (hereinafter "Amended Section 2255 Motion").[1] For the reasons that follow, the Court should deny or dismiss all of Petitioner's claims, except his claim that his counsel provided constitutionally ineffective assistance by failing to appeal, as to which claim the Court should defer adjudication pending an evidentiary hearing.

### INTRODUCTION

On November 21, 2012, this Court (per Chief United States District Judge William L. Osteen, Jr.) entered a Judgment against

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Petitioner imposing, inter alia, a prison term of 188 months, after his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docket Entry 19; see also Docket Entry 1 (Indictment); Docket Entry 14 (Plea Agreement); Docket Entry dated May 15, 2012 (documenting guilty plea); Docket Entry dated Aug. 29, 2012 (documenting sentencing).) Petitioner did not appeal. (See Docket Entry 24, ¶ 8; Docket Entry 27, ¶ 8; see also Docket Entries dated Aug. 29, 2012, to present (reflecting no notice of appeal).) However, on December 6, 2013, the Clerk docketed a "Motion for Court to Review Sentencing" (Docket Entry 20) (hereinafter "Original Motion"), that Petitioner dated as signed on November 25, 2013 (id. at 1) and that he submitted in an envelope post-marked on November 26, 2013, and stamped as received by the Clerk on November 27, 2013 (Docket Entry 20-1). Said Motion states: "I have not been able to contact my attorney [] to address the issue in my case; The change in law concerning the enhancements of the Simmon case in 2012 and the Davis case decided in 2013[.]" (Docket Entry 20 at 1 (internal unmatched quotation mark omitted).)

By Order dated December 10, 2013, the Court (per the undersigned Magistrate Judge) treated Petitioner's Original Motion as a collateral attack, struck said Original Motion as procedurally defective, and "stayed" his collateral action for 30 days "to give [him] time to file a corrected motion on the proper § 2255 forms." (Docket Entry 21 at 1-3.) That Order informed Petitioner that he

2

had filed his Original Motion "near the time limit for filing a § 2255 motion and [that] the statute of limitations can be tolled only in very narrow circumstances." (Id. at 2 (citing Holland v. Florida, 560 U.S. 631, 649 (2010)); see also id. at 2 n.2 ("If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner.").)

On January 21, 2014, the Clerk docketed Petitioner's instant Section 2255 Motion (Docket Entry 24), which he signed under penalty of perjury as executed and delivered to prison officials for mailing on January 16, 2014 (id. at 9). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court (again, per the undersigned Magistrate Judge) ordered the United States to respond by April 5, 2014. (Docket Entry 25.) On March 26, 2014, prior to the filing of any such response, the Clerk docketed Petitioner's instant Amended Section 2255 Motion (Docket Entry 27), which he signed under penalty of perjury as executed and delivered to prison officials for mailing on March 20, 2014 (id. at 13).[2]

---

[2] "Federal Rule of Civil Procedure 15(a) . . . spells out the standards for amending pleadings." United States v. MacDonald, 641 F.3d 596, 616 (4th Cir. 2011); see also id. at 616 n.12 ("Rule 15 (continued...)

3

The Court (once more, per the undersigned Magistrate Judge) then ordered the United States to file any response as to both Petitioner's Section 2255 Motion and his Amended Section 2255 Motion by May 27, 2014. (Text Order dated Mar. 28. 2014.) The United States timely responded (Docket Entry 29) and Petitioner timely replied (Docket Entry 31).[3]

---

[2](...continued)
is applicable to § 2255 motions by way of 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts."). Under said Rule, Petitioner could amend once as a matter of course up until 21 days after the United States responded to the Petition (as required by the Court and Rule 4(b) of the Rules Governing Section 2255 Proceedings). See Fed. R. Civ. P. 15(a)(1). Thus, at the time Petitioner filed his Amended Section 2255 Motion, he could do so without obtaining leave of the Court. (See Text Order dated Mar. 28, 2014 (finding as moot Petitioner's Letter Motion (Docket Entry 26), in which he sought leave to amend).) However, the question of the timeliness of any claims in Petitioner's Amended Section 2255 Motion remains. See 28 U.S.C. § 2255(f) ("A 1-year limitation shall apply to a motion under this section."); Capozzi v. United States, 768 F.3d 32, 33 (1st Cir. 2014) ("We now join all of the other circuits that have decided the question, and we hold that the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis."). The Discussion section below addresses the relevant timeliness issues.

[3] The Clerk did not docket Petitioner's Reply until July 8, 2014 (see Docket Entry 31 at 1) and the envelope used to submit it bears no legible date(s) (see Docket Entry 31-2). Unlike with his Section 2255 Motion and Amended Section 2255 Motion, which (as described above) Petitioner signed under penalty of perjury as executed and delivered to prison officials on a specified date, Petitioner simply dated his Reply as signed on June 16, 2014 (see Docket Entry 31 at 1), i.e., the latest possible deadline (granting Petitioner the maximum allowable benefit under Federal Rule of Civil Procedure 6(a)(1) & (d)) (see Docket Entry 30 at 1 (notifying Petitioner, via letter from the Clerk dated May 28, 2014, that "[a]ny reply or counter-affidavits must be filed within fourteen
(continued...)

DISCUSSION

Section 2255 Motion

In his Section 2255 Motion, Petitioner has asserted one ground for relief, i.e., "Ineffective Assistance of Counsel," premised solely on the bald allegation that "[his] [c]ounsel failed to have [Petitioner's] indictment dismissed on speedy trial grounds." (Docket Entry 24, ¶ 12(Ground One).) To prevail on a claim of ineffective assistance, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687–94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted).

Petitioner's Section 2255 Motion contains no factual support for his claim that his counsel acted ineffectively by failing to obtain a dismissal based on speedy trial principles. (See Docket Entry 24, ¶ 12(Ground One).) Nor do Petitioner's Amended Section 2255 Motion or his Reply address the substance of said claim. (See Docket Entries 27, 31.) Petitioner's speedy trial ineffective

---

³(...continued)
(14) days from the date of this letter" (emphasis in original)). Although these circumstances arguably could support further investigation into the timeliness of Petitioner's Reply, if not out-right refusal to consider it, the undersigned Magistrate Judge has elected to treat Petitioner's Reply as timely.

assistance claim is thus "vague, conclusory, speculative, and unsupported and fails for all of these reasons." Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, C.J.); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)); Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).").[4]

---

[4] The United States also convincingly has shown that the record refutes any possible objection Petitioner might have lodged under the Speedy Trial Act. (See Docket Entry 29 at 4-7.) The Court, however, should not adopt the alternative position of the United States that Petitioner's speedy trial ineffectiveness claim qualifies as untimely (see id. at 2-3). Under Section 2255(f)(1), Petitioner's one-year period to file a claim via Section 2255 commenced on or about December 5, 2012, "upon the expiration of the fourteen-day period for filing a direct appeal" (after entry of Judgment on November 21, 2012 (see Docket Entry 19)). United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)). As the Introduction documents, the Clerk received Petitioner's Original Motion on November 27, 2013, and Petitioner dated it as signed on November 25, 2013; Petitioner thus had at least eight and up to ten days left in his one-year filing period under Section 2255(f)(1) (which otherwise would have
(continued...)

Amended Section 2255 Motion

In his Amended Section 2255 Motion, Petitioner first has presented another ineffective assistance claim, i.e., that his counsel "failed to file an appeal for [him] after [he] informed [his counsel] to challenge to [sic] prior convictions that was [sic] used to enhance [his] sentence . . . ." (Docket Entry 27,

---

[4](...continued)
expired on December 5, 2013), when he "filed" his Original Motion, see Rule 3(d) of the Rules Governing Sect. 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."). By Order dated December 10, 2013, the Court (per the undesigned Magistrate Judge) struck Petitioner's Original Motion and stayed his collateral action for 30 days to permit him to file a proper motion under Section 2255. (See Docket Entry 21.) Allowing Petitioner the benefit of time computation principles set by Federal Rule of Civil Procedure 6(a)(1) and (d), Petitioner thus had until January 13, 2014, to make a corrected filing. As detailed in the Introduction, Petitioner signed his Section 2255 Motion under penalty of perjury as submitted to prison officials for mailing on January 16, 2014 (which date constitutes the date of "filing" under Rule 3(d) of the Rules Governing Section 2255 Proceedings). Accordingly, given that, at the time Petitioner filed his Original Motion eight to ten days remained in the limitations period under Section 2255(f)(1) (and granting him the benefit of equitable tolling during the time that the Court reviewed his Original Motion, as well as during the 30-day period allotted to him to make a corrected filing, see generally Hernandez v. Dretke, No. 3:02CV1214P, 2003 WL 23022075, at *3 (N.D. Tex. Dec. 19, 2003) (unpublished) ("[E]quitable tolling may be granted for a previously filed federal petition under appropriate exceptional circumstances . . . .")), only three of the eight to ten remaining days of the limitations period under Section 2255(f)(1) passed before Petitioner filed his Section 2255 Motion. Under those unique circumstances, the Court should deem Petitioner's Section 2255 Motion timely (without regard to his request for equitable tolling because of a delay in his receipt of the Court's Order striking his Original Motion, apparently caused by his failure to keep the Court apprised of his proper mailing address (see Docket Entry 31 (citing Docket Entry dated Dec. 19, 2013)).

¶ 12(Ground One)(a); see also id., ¶ 12(Ground Two)(c)(7) ("Counsel of record failed to file the appeal after we consulted and we both agreed an appeal was forthcoming.").)[5] "Once [a federal criminal defendant] unequivocally instruct[s] his attorney to file a timely notice of appeal, his attorney [i]s under an obligation to do so." United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); id. at 485 ("[A] defendant, by instructing counsel to perfect an appeal, objectively indicate[s] his intent to appeal and [i]s entitled to a new appeal without any further showing.").

Petitioner's counsel, however, has sworn by affidavit as follows: "After the sentencing hearing I met with [Petitioner] in the offices of the U.S. Marshal for approximately one hour and discussed with him his right to appeal from the [C]ourt's sentence. [Petitioner] informed me that he did not wish to file a notice of appeal on his behalf." (Docket Entry 29-5, ¶ 15 (emphasis added).) Accordingly, resolution of the merits of Petitioner's failure-to-appeal claim requires an evidentiary hearing because "[t]he record

---

[5] Petitioner made the above-quoted assertions under penalty of perjury. (Docket Entry 27 at 13.)

in this case sets up a classic factual dispute." Gordon v. Braxton, ___ F.3d ___, ___, 2015 WL 877422, at *4 (4th Cir. 2015).[6]

The United States contends that the Court should not reach the merits of Petitioner's failure-to-appeal claim because it "was not filed within the required one-year limitation period . . . [and] 'do[es] not relate back to his [claim in his Section 2255 Motion] because they arise from separate occurrences of both time and type.'" (Docket Entry 29 at 3-4 (quoting United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000)) (additional internal quotation marks omitted).) The Court need not now consider the issue of relation-back as to Petitioner's failure-to-appeal claim because, at least at this stage of the proceedings, the record does not foreclose a finding of timeliness under Section 2255(f)(4).

In that regard, Section 2255(f)(4) required Petitioner to file his failure-to-appeal claim within one year of "the date on which

---

[6] Petitioner remained in state custody throughout the life of his underlying federal criminal case (see Docket Entries 4, 5, 10, 12, 13, 15-18), qualified for court-appointed counsel at the inception of his underlying federal criminal case (Docket Entry 7), transferred from state to federal custody within approximately a year of entry of his Judgment (see Docket Entry 22 (setting forth, in Letter Motion dated December 17, 2013, Petitioner's account of custody transfer)), and apparently has remained in federal prison since then (see Docket Entries dated Dec. 17, 2013, to present (reflecting no change in Petitioner's custodial status)), circumstances that warrant an inference of current indigency, see Heidelberg v. Ephraim, No. 79C1110, 1987 WL 6616, at *1 n.1 (N.D. Ill. Feb. 9, 1987) (unpublished); as a result, Petitioner possesses the right to appointed counsel at any evidentiary hearing, see Rule 8(c), Rules Governing § 2255 Proceedings.

9

the facts supporting the claim . . . could have been discovered through the exercise of due diligence." As described above, Petitioner has averred that, based on their communications, he understood that his counsel would commence an appeal following entry of his Judgment on November 21, 2012. Under Rule 3(d) of the Rules Governing Section 2255 Proceedings, Petitioner "filed" his Amended Section 2255 Motion (containing his failure-to-appeal claim) on March 20, 2014 (the day he reported under penalty of perjury that he submitted it to prison officials for mailing (Docket Entry 27 at 13)). Accordingly, if Petitioner's one-year filing period as to his failure-to-appeal claim commenced no earlier than March 20, 2013 (i.e., three and a half months after his deadline to give notice of appeal passed on December 5, 2012), his filing of said claim (on March 20, 2014) sufficed.

In other words, "the relevant question here is how long a duly diligent prisoner would take to discover that his lawyer had not filed a notice of appeal." Ryan v. United States, 657 F.3d 604, 607 (7th Cir. 2011). Under the relevant circumstances, the Court should decline to conclude (at least at present) that three and a half months constitutes too long a period for Petitioner (acting in a duly diligent fashion) to have made such a discovery. "[A]t some point, the reasonably diligent prisoner will contact counsel, ask how the appeal is going, and either receive an honest response or infer from counsel's silence that something is amiss (and then

10

follow up with the court). But this is a fact-intensive inquiry . . . ." Id. at 608. Given that at least one court confronted with an analogous scenario has said that a five-month delay does not warrant denial of relief without further development of the pertinent facts, see Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000), the Court should not dismiss Petitioner's failure-to-appeal claim on untimeliness grounds at this point.

In contrast, the second (and final) claim in Petitioner's Amended Section 2255 Motion (i.e., that, in light of Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013), the Court improperly "enhanced [his] sentence [based on] a prior state conviction for a breaking and entering [offense]" (Docket Entry 27, ¶ 12(a)))[7] does qualify as untimely. Alternatively, on the merits, Petitioner's Descamps claim falls short as a matter of law.

As to the timeliness issue, for claims under Section 2255:

The [one-year] limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[7] The record reflects that Petitioner incurred convictions for two breaking and entering offenses under North Carolina law. (See Docket Entry 29-4.)

11

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under Section 2255(f)(1), Petitioner's one-year period to file a claim via Section 2255 commenced on or about December 5, 2012, "upon the expiration of the fourteen-day period for filing a direct appeal" (after entry of Judgment on November 21, 2012 (see Docket Entry 19)). United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)). Petitioner did not file his Descamps claim until March 20, 2014, when (according to his certification under penalty of perjury (see Docket Entry 27 at 13)) he tendered it to prison officials for mailing as part of his Amended Section 2255 Motion, see Rule 3(d), Rules Governing Sect. 2255 Proceedings.

Accordingly, Petitioner's Descamps claim is untimely under Section 2255(f)(1),[8] unless it relates back to his Section 2255 Motion (which, for reasons described in Footnote 4 above, he did timely file). See Pittman, 209 F.3d at 318 ("[The petitioner]

---

[8] Indeed, even applying the equitable tolling considerations (discussed in Footnote 4) that render Petitioner's Section 2255 Motion timely, his time to file under Section 2255(f)(1) would have lapsed on or about January 23, 2014, at the latest.

12

filed a timely motion for relief under [Section] 2255. His amended motion, however, was filed after [Section 2255(f)'s] statute of limitations had run. Because the amended claims do not relate back to the original motion, they are barred by the statute of limitations . . . ."). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B); see also Pittman, 209 F.3d at 317-18 (applying said Rule, then codified at Federal Rule of Civil Procedure 15(c)(2), in Section 2255 context).[9] As the United States correctly has observed, Petitioner's Descamps claim "'do[es] not relate back to his [speedy trial ineffective assistance] claim[] because they arise from separate occurrences of both time and type.'" (Docket Entry 29 at 4 (quoting Pittman, 209 F.3d at 318) (additional internal quotation marks omitted).)

Further, Section 2255(f)(2) lacks application here, as the record reveals no basis to conclude Petitioner "was prevented from making a motion by [unconstitutional or unlawful] governmental action," 28 U.S.C. § 2255(f)(2). Nor could Section 2255(f)(3)

---

[9] As in Pittman, "[t]he other circumstances for relation back in Rule 15(c) are not applicable to this case." Pittman, 209 F.3d at 317 n.2; see also Fed. R. Civ. P. 15(c)(1)(A) & (C) (allowing relation-back where statutory authority so dictates and where amendment simply involves non-prejudicial change of party to correct mistaken identity, respectively).

render this claim timely because "Descamps has not been made retroactive on collateral review." Johnson v. United States, Nos. 4:08CR876RBH-2, 4:14CV2438RBH, 2014 WL 7403972, at *3 (D.S.C. Dec. 30, 2014) (unpublished); accord Powell v. United States, Nos. 3:11CV377RJC, 3:06CR189RJC, 2014 WL 4793232, at *6 (W.D.N.C. Sept. 25, 2014) (unpublished); Eley v. United States, Nos. 5:14CV263D, 5:11CR374D, 2014 WL 4199241, at *2 (E.D.N.C. Aug. 22, 2014) (unpublished); Baker v. Zych, No. 7:13CV512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014) (unpublished); Williams v. Ziegler, No. 5:12CV398, 2014 WL 201713, at *2 n.3 (S.D.W. Va. Jan. 17, 2014) (unpublished); Baldwin v. United States, Civ. No. JFM-13-2006, Crim. No. JFM-08-117, 2013 WL 6183020, at *1 n.3 (D. Md. Nov. 25, 2013) (unpublished); see also 28 U.S.C. § 2255(f)(3) (limiting its application to Supreme Court decisions "made retroactively applicable to cases on collateral review"). Finally, Petitioner cannot rely on the date of decision of Descamps to secure either delayed accrual under Subsection 2255(f)(4) or equitable tolling. See Whiteside v. United States, 775 F.3d 180, 183-87 (4th Cir. 2014) (en banc) (holding that court rulings generally do not trigger application of Subsection 2255(f)(4) or equitable tolling).

Given the foregoing considerations, the Court should dismiss Petitioner's Descamps claim due to its untimeliness. Alternatively, the Court should deny it on the merits because Descamps did not alter the treatment of North Carolina breaking and

14

entering convictions for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014).[10]

CONCLUSION

The lone claim in Petitioner's Section 2255 Motion fails as a matter of law based on the existing record. As to his Amended Section 2255 Motion, Petitioner's claim of ineffective assistance for failure to appeal involves material, disputed factual matters that necessitate an evidentiary hearing, but his challenge to the application of the enhanced penalty provisions of Section 924(e) based on Descamps warrants dismissal for untimeliness and, in the alternative, denial for lack of merit.

**IT IS THEREFORE RECOMMENDED** that:

1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 24) be denied without issuance of a certificate of appealability;

2) the failure-to-appeal claim set forth in Ground One of Petitioner's amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 27) be deferred pending an evidentiary hearing;

---

[10] Moreover, Petitioner's numerous other convictions for drug and violent offenses may have supported enhanced penalties under Section 924(e), even without consideration of his North Carolina breaking and entering convictions. (See Docket Entry 29 at 7-8 (discussing Petitioner's record and citing underlying judgments located at Docket Entries 29-1, 29-2, and 29-3).)

15

3) the <u>Descamps</u> claim set forth in Ground Two of Petitioner's amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 27) be dismissed and/or denied without issuance of a certificate of appealability.

**IT IS ORDERED** that the parties shall appear for an evidentiary hearing on Petitioner's failure-to-appeal claim at 2:30 p.m. on June 29, 2015, in Courtroom 1A of the L. Richardson Preyer United States Courthouse, Greensboro, North Carolina. If it so chooses, the United States may seek to further develop its challenge to the timeliness of Petitioner's failure-to-appeal claim and Petitioner, therefore, shall come to the hearing prepared to confront that issue, if necessary. This hearing is subject to cancellation or rescheduling if the assigned District Judge determines that it need not proceed or that the undersigned Magistrate Judge should not conduct it. The United States shall take appropriate steps to secure Petitioner's presence at the scheduled hearing.

**IT IS FURTHER ORDERED** that, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, counsel shall be appointed to represent Petitioner on his failure-to-appeal claim.

/s/ L. Patrick Auld<br>**L. Patrick Auld**<br>**United States Magistrate Judge**

March 18, 2015